## George Starkweather v. Elisha Smith and Others.

Since the act of 1855 (*Comp. L.* § 3292), a married woman has the same power, in all respects, over her property that she had while unmarried.

Where defendants are sued in trespass, by the husband, for the taking of personal property which is proved to belong to the wife, evidence of request on her part that they would remove it from plaintiff's possession, is competent on their behalf.

*Heard May 14th. Decided May 24th.*

Error to Macomb Circuit.

Plaintiff in error brought trespass in the court below, against defendants, for the taking and carrying away of certain household furniture and other personal property.

On the trial, plaintiff proved the taking and carrying away of the property, in March, 1857, from the house occupied by him. He then proved its value, and rested his case.

Defendants then offered to prove that the property in question belonged to Ann Starkweather, wife of the plaintiff, and was removed by them at her request. To this

6 MICH. — Z.

evidence, the plaintiff objected that the evidence on part of plaintiff showed the goods and chattels to have been in his possession at the time defendants took and removed them. The circuit judge overruled this objection, and allowed the evidence to be given, and plaintiff excepted.

Defendant then called one *Harriet Smith* as a witness, and asked her if she did not, a short time previous to the removal of said property, hear the plaintiff's wife request the defendant Smith to remove the goods from plaintiff's house to the house of said defendant.

To which question the plaintiff objected,—

1st. That it was not competent or lawful for the wife to remove her said goods and chattels and personal property from the possession of her husband, during his absence, and without his assent: 2d. That the wife did not have the legal right to remove her property from the possession of her husband, and of using and enjoying said property without her husband's assent and permission: 3d, Because it was not competent nor legal to give the wife's statement in evidence against her husband, and in a suit where the wife was not a party to the record: 4th, That a wife could not be examined as a witness in such a case, and therefore no evidence could be given of her acts or statements in the premises.

The circuit judge overruled the objections, and decided that it was competent for the wife to remove her personal property from the possession of her husband, and to use the same without his assent; and that it was competent to give in evidence the statements of the wife against her husband relative to the removal of her property from the possession of the plaintiff to the house of the defendant Smith; to which decision the plaintiff excepted.

Defendants then gave evidence showing that the wife was the owner of the property, and that she requested defendant Smith to remove the same from the plaintiff's premises to Smith's house, where she has since resided, and that

Smith requested the other defendants to assist him in the removal.

Verdict and judgment having passed for defendants in the court below, plaintiff removed the cause to this court, for review on the exceptions.

*Eldredge & Hubbard*, for plaintiff in error:

1. The act of 1855, being in derogation of the common law, is to be construed strictly. The evil intended to be remedied by it was the sale of the wife's property without her assent, whereby she was, many times, reduced to want and suffering. That evil was remedied by giving her such an estate in her personal property as would prevent the husband selling it without her consent, and freeing it from liability for his engagements. The statute authorizes the wife to contract, sell, transfer, mortgage, devise, and bequeath her property, but does not take from the husband the possession of it so long as he·uses that possession for the benefit of himself, his wife, and family. The court should not so extend this statute as to authorize the wife, without cause on the part of the husband, to remove herself and her property from his care and possession, and thereby break up the family, and destroy his peace and comfort.

. It is also contended that, by the marriage contract, the wife tacitly agrees to put into possession of her husband her personal estate, and not remove so long as he provides her a suitable home. He is liable for the support of herself and her children, while there is no such obligation on her part to support him.

This property was in the husband's lawful possession, and, until demand made, any person would be a trespasser who intermeddled with it against his consent.

2. The wife not being a competent witness against the husband, her statements could not be proved for or against him.

*A. S. Robertson,* and *A. B. Maynard,* for defendant in error.

MANNING J.:

The circuit judge was correct in admitting the evidence, and in stating the law, which is too clear to admit of doubt.

The statute of 1834 (*Comp. L.* § 3289) did not give a married woman full power to control her separate property without the assent of her husband. It provided all property acquired by her before or after marriage should continue to be her separate property, and should not be liable for her husband's debts, engagements, or liabilities; but prohibited her from giving, granting, or selling or removing it from the premises of her husband without his consent, except authorized thereto by the judge of probate, &c.

By the act of 1855 (*Comp. L.* § 3292), these restrictions are removed, and she is authorized to contract, sell, transfer, mortgage, convey, devise, or bequeath it, in the same manner, and with the like effect as if she were unmarried. The object of the Legislature, by this act—for the language is too clear, it seems to us, to admit of any doubt—was to give the wife the same power, in all respects, over her property that she had before marriage. That it was intended to release or emancipate such property from the common-law rights and dominion of the husband, is not only obvious from the language referred to, but from the additional fact that the statute also provides that actions may be brought by and against her in relation to such property as if she were unmarried.— *Comp. L.* § 3294.

It follows, as a necessary consequence, that the authority given by her to defendants to remove the property, was competent evidence for defendants.

The judgment below must be affirmed.

All the Justices concurred.